January Term, 1862.

DURBIN
v.
WALDO.

---

## DURBIN vs. WALDO, impleaded &c.

A rule under chapter 363, Laws of 1860, and the notice of the rule, if they require that cause be shown within twenty days after service of the notice, why an action should not be revived, are not irregular for not specifying a *time* or *place* at which cause shall be shown.

Where no cause is shown in such case within the *time* limited by said chapter, the action stands revived as of course, without further order.

Where no cause is shown in such case, nor any answer to the supplemental complaint served within the period limited, the action is in the same condition, so far as it concerns a trial and judgment, as before the decease of the original defendant; and if the action be for the foreclosure of a mortgage on real estate, there is no irregularity in taking judgment *within* ninety days after the action was *revived*.

APPEAL from the Circuit Court for *Milwaukee* County.

*Durbin* brought an action against Samuel Dale, David H. Waldo and *Otis H. Waldo*, to foreclose a mortgage, and served the summons and complaint upon them on the 23d of July, 1859. On the 13th of October, David H. Waldo, who was the holder of the equity of redemption, filed his answer, to which, on the 26th of the same month, the plaintiff re-

plied; and on the 3d of February, 1860, said David died, leaving A. Waldo his sole heir at law, and on the 9th of June, 1860, *Otis H. Waldo* was appointed his administrator. *Otis H. Waldo* was himself a junior incumbrancer, and on the 21st of October, 1859, filed a demurrer to the complaint, which on the 19th of July, 1860, was overruled, and he never filed any answer. Samuel Dale never appeared in the case for any purpose. On the 11th of February, 1861, the plaintiff filed with the clerk of the circuit court his supplemental complaint, for the purpose of reviving the action, and on the same day entered a rule requiring said Dale, *Otis H. Waldo*, A. Waldo, and O. H. Waldo as administrator, to " show cause if any they have [had], within twenty days after the service of notice of this rule upon them," why said action should not be revived. On the same day said notice, stating that the supplemental complaint was filed in the office of the clerk of the circuit court for Milwaukee county, and that a rule of course was at the same time and place entered, was, together with a copy of said rule, served upon the defendants therein mentioned. The supplemental complaint was not served upon any of said defendants, nor were they summoned to answer it; but on the 4th of May 1861, the plaintiff took judgment against all of the defendants. From that judgment *Otis H. Waldo* appealed.

*Waldo, Ody & Van*, for appellant :

1. The rule to show cause was void for not specifying a time or place for showing cause, or the court or officer before whom cause might be shown. 2. If the rule was sufficient for the purpose of making the heir at law and administrator parties, no jurisdiction was ever acquired over their persons. A summons or notice to answer should have been served. 15 How. Pr. R., 241. 3. Judgment by default was entered before the ninety days allowed for answering in foreclosure suits had expired.

*Coon & Cotton*, for respondent :

As to David H. Waldo, the cause was at issue at the time of his death. O. H. Waldo and Samuel Dale were in default for want of answer. The action did not abate as against them by the death of David H. Waldo. They had had

---

January Term, 1862.

Durbin
v.
Waldo.

January Term, their day in court, and the controversy as to them had been
1862.         closed by their own default.   The proceeding to revive as
DURBIN        against the representatives of D. H. Waldo, was in accord-
v.            ance with the statute.   The decision in 15 How. Pr. R., 241,
WALDO.        was based upon a peculiar construction of section 121 of the
N. Y. Code.   What was left to the construction of their
courts in that state, is regulated here by the statute.  Chap.
363, Gen. Laws of 1860.  Notice of trial was served upon the
representatives of David H. Waldo, as against whom alone
the cause was at issue, and no defense being urged in court,
judgment was taken by the plaintiff, and the representatives
have not appealed from the judgment.

May 15.        *By the Court*, DIXON, C. J.   Appeal from a judgment of
foreclosure and sale of mortgaged premises.   After the ac-
tion was commenced and at issue, the owner of the premises
died, and the plaintiff proceeded to revive it against the heir
and administrator according to the provisions of chapter 363,
Laws of 1860.   He pursued the course prescribed by the
act, filed his supplemental complaint, entered a rule of course
requiring the heir, administrator and other parties to show
cause, if any they had, within twenty days after service of
notice of the rule, why the action should not be revived,
and served them with the requisite notice.   They neglected
to show cause, and after the expiration of twenty days, the
action, upon due notice, was brought to a hearing, and judg-
ment given for the plaintiff.

It is objected that the proceeding was irregular ; that the
rule and notice were void for uncertainty in not specifying
a time and place for cause to be shown.   It ought to be a
sufficient answer to this objection, that the law is so written ;
that the statute is plain and unambiguous in its terms, and
has been fully complied with.   But it is insisted that the
statute is nugatory, and effect cannot be given to it, for the
same reason—that it was impossible for the defendants to show
cause unless a time and place were fixed.   We can see no
such insuperable difficulty.   If they had any reasons to urge
against the revival, they had but to file their response to the
order with the clerk and serve a copy upon the attorneys of

the plaintiff, and it would have been heard by the court like <span style="float:right">January Term, 1862.</span> other motions or interlocutory proceedings in an action. If notice of argument was necessary, they could have given <span style="float:right">BUTLER et al.<br>v.<br>MITCHELL.</span> it, or the plaintiff would have been obliged to do so, before he could have proceeded further in the case.

There was no irregularity in taking judgment within ninety days after the action was revived. No cause having been shown or answer served within the period limited, the action was in the same condition, so far as it concerned a trial and judgment, as before the decease of the principal defendant. The act declares, if no cause be shown, that the suit shall, after twenty days from the service of notice, stand revived as of course, without further or other order or rule in the premises.

Judgment affirmed.